**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| MERIDIAN SECURITY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>LOIS SCHMITT-SELKEN,<br><br>    Defendant. | No. 18-CV-46-KEM<br><br>**MEMORANDUM OPINION AND ORDER** |

___

This insurance-coverage dispute arises out of a tragic car accident that left Defendant Lois Schmitt-Selken widowed and seriously injured. As I find that her insurance policy unambiguously excludes underinsured motorist coverage under the facts here, I will enter declaratory judgment in favor of Plaintiff Meridian Security Insurance Company (Meridian).

## I. BACKGROUND[1]

Lois married Donald Selken on June 3, 2017, and the two began living together.[2] A little more than a month later, on July 15, 2017, a drunk driver crashed head-on into a vehicle driven by Donald in which Lois was a passenger. Donald died, and Lois suffered serious injury.

At the time of the accident, Lois and Donald owned separate vehicles and had separate insurance policies for those vehicles; the vehicle involved in the crash belonged to Donald, and Lois had no ownership interest in it. Donald's vehicle was insured

___

[1] The following facts are taken from the joint stipulation of facts (Doc. 18) and supplement (Doc. 24) unless otherwise noted.

[2] I refer to Lois and Donald by their first names to avoid confusion.

through Farm Bureau, and Lois will receive the maximum payment of underinsured motorist benefits available under that policy ($300,000). Lois has also received payment from the drunk driver's State Farm insurance policy ($1,200,000).

At the time of the accident, Lois insured her vehicle through Meridian in a policy that provided a single occurrence limit of $500,000 in underinsured motorist coverage. Meridian initiated this declaratory-judgment action in April 2018, seeking an order holding that Lois is not entitled to underinsured motorist coverage under the "owned but not insured" exclusion in the Meridian policy. Doc. 1; *see* 28 U.S.C. § 2201.

The parties consented to the exercise of jurisdiction by a United States magistrate judge, and the case was assigned to me for final disposition. Doc. 11. Diversity jurisdiction exists under 28 U.S.C. § 1332. *See* Docs. 1, 40, 42. The parties submitted a joint stipulation of facts (Docs. 18, 24)[3] and briefing (Docs. 20, 25, 26, 37, 38), and the case is ready for decision (Doc. 27).

## II. DISCUSSION

"Interpretation of an insurance policy is a matter of state law." ***Progressive N. Ins. Co. v. McDonough***, 608 F.3d 388, 390 (8th Cir. 2010) (quoting ***Stan Koch & Sons Trucking, Inc. v. Great W. Cas. Co.***, 517 F.3d 1032, 1039 (8th Cir. 2008)). The parties agree that Iowa law applies here. Federal courts are "bound by decisions of the highest state court when interpreting state law." ***Id.*** "If the highest state court has not decided an issue[, the court] must attempt to predict how the highest court would resolve the issue, with decisions of intermediate state courts being persuasive authority." ***Id.***

---

[3] At the hearing, the parties agreed that the insurance policy attached to the complaint (Doc. 1-2) is the policy at issue here, and Meridian also filed a supplemental appendix after the hearing containing the policy (Doc. 36).

"The cardinal principle in construing insurance policies is 'that the intent of the parties must control; and except in cases of ambiguity this is determined by what the policy itself says.'" *Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203, 206 (Iowa 1995) (quoting *Essex Ins. Co. v. Fieldhouse, Inc.*, 506 N.W.2d 772, 775 (Iowa 1993)). "An ambiguity exists if, after the application of pertinent rules of interpretation to the policy, a genuine uncertainty results as to which one of two or more meanings is the proper one." *LeMars Mut. Ins. Co. v. Joffer*, 574 N.W.2d 303, 307 (Iowa 1998) (quoting *A.Y. McDonald Indus., Inc. v. Ins. Co. of N. Am.*, 475 N.W.2d 607, 618 (Iowa 1991)). "Insurance policies are construed in the light most favorable to the insured, and exclusions are construed strictly against the insurer." *Johnson*, 533 N.W.2d at 206.

The Meridian "Personal Auto Policy" at issue here begins with a section of definitions followed by six parts, one of which contains the underinsured motorist coverage, and concludes with a number of endorsements that modify the policy language. *See* Doc. 1-2. One of these endorsements contains the following owned-but-not-insured exclusion:

> We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured" . . . [w]hile "occupying" . . . any motor vehicle owned by you which is not insured for this coverage under this policy. . . .

*See* Doc. 18; Doc. 1-2 at 47.

Meridian argues that this exclusion applies because the policy defines "you" to include Donald, and it is undisputed that when the accident occurred, Lois occupied a vehicle owned by Donald that was not insured under the Meridian policy. Meridian relies on the definitions section at the beginning of the policy that provides:

> Throughout this policy, "you" and "your" refer to:
> 1. The "named insured" shown in the Declarations; and
> 2. The spouse if a resident of the same household.

> If the spouse ceases to be a resident of the same household during the policy period or prior to the inception of this policy, the spouse will be considered "you" and "your" under this policy but only until the earlier of:
> 1. The end of 90 days following the spouse's change of residency;
> 2. The effective date of another policy listing the spouse as a named insured; or
> 3. The end of the policy period.

Doc. 18; Doc. 1-2 at 16. At the time of the accident, Donald was Lois's spouse and "a resident of the same household."

Lois argues that Donald does not meet the definition of the word "you" under the policy because he had not resided with Lois for 90 days at the time of the accident. The policy language referring to "90 days" unambiguously applies only when a spouse that had been living with the insured moves out; it does not apply to a new spouse that begins cohabitating with the insured.

Nevertheless, I find whether the owned-but-not-insured exclusion applies here to be a close issue based on an Iowa Supreme Court case that neither party cited in their briefs and that I requested supplemental briefing on (*see* Docs. 33, 37, 38). In *Jensen v. Jefferson County Mutual Insurance Association*, 510 N.W.2d 870, 871 (Iowa 1994), the Iowa Supreme Court analyzed whether the named insured could recover under her homeowner's policy when her husband had intentionally started the fire causing damage to the house. The policy defined "you" as "the Insured named in the Declarations and spouse if living in the same household," and excluded coverage "if you create or know of a condition that increases the chance of loss arising from a covered peril." *Id.* at 871 (bold emphasis omitted). Although the insured's spouse had created the condition, the court held that the exclusion did not apply. *Id.* at 872. The court found the exclusion ambiguous, reasoning:

> Inserting the policy's definition of the term "you" into [the exclusion] clause, the provision would read as follows: "We will not pay for loss if

4

> [the Insured named in the Declarations *and* spouse if living in the same household] create or know of a condition that increases the chance of loss arising from a covered peril." (Emphasis added.) Under this language it appears that the chance of loss must be created by both the named insured and her spouse in order to trigger the conditional language. [The named insured's] innocence regarding the fire is undisputed.
>
> [The insurance company's] argument is that the conditional language bars recovery if the chance of loss is created by either [the named insured] or her spouse. This argument substitutes "or" for "and" in the policy definition . . . .
>
> The policy definition of the word "you" can reasonably be interpreted in more than one way. [The insurance company's] interpretation of [the condition] equates the word "you" with "any insured." In other words, if any insured created the condition, no insured can recover. However, the word "you" can just as reasonably be interpreted to mean "the insured." Under this interpretation, the insured seeking to recover under the policy is precluded from doing so only if that insured created the condition. Because the language . . . is subject to more than one reasonable interpretation, [the court] find[s] it ambiguous.

*Id.* at 872 (second alteration in original) (bold emphasis omitted). Under this reasoning, it could be argued that the owned-but-not-insured exclusion at issue here applies only to vehicles owned "by both the named insured and her spouse," as "[i]nserting the policy's definition of the term 'you' into the" exclusion, the exclusion reads:

> We do not provide Underinsured Motorists Coverage for "bodily injury" sustained by any "insured" . . . [w]hile "occupying" . . . any motor vehicle owned by [1. The named insured shown in the Declarations and 2. The spouse if a resident of the same household] which is not insured for this coverage under this policy.

As in *Jensen*, here, "you" is defined as the insured *and* her spouse, not as the insured *or* her spouse.

*Jensen* can be distinguished, however, because of the formatting of the definition of "you" in this case. In *Jenson*, "you" was defined in one line, lumping

5

the insured and the insured's spouse together without numbering to separate them. Here, "'you' . . . refer[s] to: (1) [t]he 'named insured' . . . ; and (2) [t]he spouse." The formatting here makes it clear that (1) "you" refers to the named insured, and (2) "you" refers to the spouse; but that these are separate definitions, and when "inserting the policy's definition of the term 'you' into the" exclusion, they should be inserted separately.

Meridian offers several arguments in an attempt to further distinguish *Jensen*. First, Meridian emphasizes that the policy states the word you "refers to" the insured and the resident spouse, as opposed to "means" or "is defined as." Though this argument perhaps lends further support to my reading in the preceding paragraph, the use of "refers to" as opposed to "means" would not be sufficient to distinguish *Jensen* in the absence of numbered paragraphs. The paragraph stating what "you" "refer[s] to" appears in the section containing definitions for the policy, and in its opening brief, Meridian repeatedly argued that this paragraph defined the word "you" (*see* Doc. 20), further demonstrating that the natural reading of this paragraph is that it contains a definition.

Meridian also argues that the policy at issue here can be distinguished from *Jensen* because it excludes coverage for "*any* insured" occupying "*any* motor vehicle" owned by "you" but not covered by the policy. Meridian argues that the use of the word "any" requires broad application. I fail to see how this is relevant. Interpretation of the exclusion still hinges on the term "you," despite the use of "any." The parties' initial briefs proceed on the assumption that if Lois and Donald had not been married at the time of the accident, Lois's underinsured motorist coverage through Meridian would have applied, despite the fact that the

6

covered vehicle was not involved in the accident.[4] Thus, Meridian can deny Lois coverage only if the exclusion applies, and the exclusion applies only if Donald's vehicle falls into the definition of a vehicle "owned by you."

Finally, Meridian argues that other parts of the policy would be rendered nonsensical if "you" were read to refer to both Lois and Donald throughout. For example, Meridian points to a provision defining "newly acquired auto" as a private passenger automobile "you become the owner of during the policy period," and that states coverage for such a vehicle "begin[s] at the time you request the coverage." Doc. 1-2 at 16. Meridian argues that if "you" were read to refer to both Lois and Donald, insurance coverage under this provision would not extend to a new automobile purchased in Lois's name alone, or to a new automobile that only Lois requested coverage for (without Donald also requesting coverage). On the other hand, when interpreted as Meridian advocates, it does not appear that the insurance policy contains inconsistent uses of "you."

Based on the numbered paragraphs following the definition of "you," I find *Jensen* distinguishable. Under the unambiguous terms of the policy, a vehicle

---

[4] Indeed, this reading appears to be supported by the language of the underinsured motorists provision, which states that Meridian "will pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'underinsured motor vehicle' because of 'bodily injury' caused by an accident." Doc. 1-2 at 47; *see also* **Hornick v. Owners Ins. Co.**, 511 N.W.2d 370, 372 (Iowa 1993) (noting that Iowa Code § 516A.1 requires automobile insurance policies to contain "uninsured and underinsured coverage [that] protects and follows the person, not the vehicle"). Meridian suggests for the first time in its supplemental brief filed after the hearing that the underinsured motorists coverage would not apply here, regardless of the applicability of the exclusion, because Lois's covered car was not involved in the accident, but does not cite any specific portion of the insurance policy in support. To the extent Meridian is attempting to raise a new argument not made in its opening brief, I find this argument forfeited. *See* **S & W Mobile Home & RV Park, LLC v. B&D Excavating & Underground, LLC**, No. 1-17-cv-9, 2017 WL 3129752, at *9 n.4 (D.N.D. July 21, 2017).

"owned by you" encompasses a vehicle owned by Donald, Lois's resident spouse.[5] Accordingly, the owned-but-not-insured exclusion applies, and Lois cannot recover under the Meridian policy.

### III. CONCLUSION

Meridian's request for declaratory-judgment relief is **granted**. The owned-but-not-insured exclusion applies and bars Lois's recovery of underinsured motorist benefits under the Meridian insurance policy for the July 2017 accident. The Clerk of Court is directed to enter judgment in favor of Meridian.

**IT IS SO ORDERED** this 21st day of June, 2019.

_Kelly K.E. Mahoney_
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa

---

[5] Other state courts are in accord with this interpretation of "you" in an insurance policy when the definition lists numbered paragraphs. *See **Hacker v. Dickman**,* 661 N.E.2d 1005, 1006-07 (Ohio 1996); ***Sunshine Ins. Co. v. Sprung**,* 452 N.W.2d 782, 784 (S.D. 1990).